*Saulsbury* and *Layton,* for defendants.

---

### JACOB DAISEY et al *vs.* HENRY HUDSON.

Trespass to real property lies only by a party in actual possession.

THIS was an action of trespass quare clausum fregit.

The plaintiffs were the children and heirs-at-law of Abraham Daisey, who died leaving a widow in possession of the land, and several children, the plaintiffs, of whom one of them, Susan, came in September, 1848, to live with her mother; in the dwelling house which was on the premises. Abraham Daizey died after January, 1848; the widow rented the land to Henry Hudson, for one year; cultivated it herself the second, and rented it out to another person the third year. The trespass complained of, was moving a fence in April of the year when Hudson tilled the farm, under rent from the widow; she being in the house. The question was, whether plaintiffs could recover in this action; the defendant insisting that being out of possession, plaintiffs could not maintain trespass. (1 *Harr. Rep.,* 335; 9 *Johns. Rep.,* 60-1; 1 *Ibid,* 510; 19 *Wend. Rep.,* 507.)

*Mr. Layton,* contra, argued that the law of descents cast upon the heirs such a possession as would enable them to maintain tres-

pass for injuries to the land, and that the possession of the widow, or at least, the possession of the widow and one heir, was possession of all.    (2 *Phill.*, 132 ; 11 *Mass. Rep.*, 519 ; 6 *Bac. Ab.*, 593 ; *Roscoe*, 380 ; 4 *Barn. & Cress.*, 583 ; 4 *Harr. Rep.*, 345.)

*Chief Justice* BOOTH charged the jury :—that the action being for a trespass to real property, it could be maintained only by a person in the actual and immediate possession of the premises at the time the trespass was committed.    The action is for an injury to the possession ; and the form of remedy is not merely arbitrary, but necessarily arising from the nature of the injury.

Verdict for defendant.

*Layton*, for plaintiff.
*Cullen*, for defendant.